IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANGELA WALL, JENNIFER PICKETT**, | Case No. 3:14-cv-01887-SI |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **SENTRY INSURANCE,** a mutual company, | |
| Defendant. | |

Stephen L. Brischetto and Mathew C. Ellis, 621 SW Morrison Street, Suites 1025 and 1050, Portland, OR 97205. Of Attorneys for Plaintiffs.

Mictchell C. Baker and Alexander A. Wheatley, FISHER & PHILLIPS LLP, 111 SW Fifth Avenue, Suite 4040, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiffs, Angela Wall and Jennifer Pickett (collectively "Plaintiffs"), maintain this action against Defendant Sentry Insurance ("Sentry" or "Defendant"). Before the Court is Defendant's Amended Motion to Dismiss[1] (Dkt. 8) Plaintiff Wall's claim for common law

---

[1] Defendant's Motion to Dismiss (Dkt. 6) and Amended Motion to Dismiss (Dkt. 8) are identical except for certain citations to relevant Oregon statutes. Defendant's Motion to Dismiss (Dkt. 6) is therefore dismissed as moot.

PAGE 1 – OPINION AND ORDER

wrongful discharge and Plaintiff Pickett's claim for common law wrongful constructive discharge. For the reasons discussed below, the Court grants in part Defendant's motion.

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

Plaintiffs, Angela Wall and Jennifer Pickett, are former employees of Sentry Insurance. Each asserts claims for violations of Or. Rev. Stat. ("ORS") § 659A.030 and for common law wrongful discharge. Ms. Wall alleges that her general manager, Ford McMurtry, subjected her to unwanted advances and comments of a sexual nature and retaliated against her for opposing his discriminatory practices. Ms. Pickett also alleges that McMurtry subjected her to unwanted sexual advances and comments, to different treatment based upon gender, and to retaliation for opposing unlawful employment practices.

## DISCUSSION

Defendant moves to dismiss both Plaintiffs' claims for common law wrongful discharge on the grounds that: (1) wrongful discharge is an "interstitial tort" only available if a claimant lacks an adequate statutory remedy; and (2) that ORS § 659A.885(3) provides the full panoply of relief available at common law, thus precluding Plaintiffs from asserting a claim for wrongful discharge.[2]

### A.  Adequate Statutory Remedy

The Court must decide the oft-raised issue of whether a plaintiff who alleges common law wrongful discharge is precluded from bringing that claim because there is an adequate statutory remedy. Defendant argues that controlling Oregon Supreme Court precedent, as

---

[2] In its reply brief (Dkt. 13), Defendant concedes that the "portion of Ms. Pickett's wrongful constructive discharge claim that is based on Ms. Pickett's allegation that she was retaliated against for taking protected medical leave nine months before she resigned her position is not displaced by an adequate statutory remedy." Accordingly, Defendant's Amended Motion to Dismiss is denied as to Defendant Pickett's claim for common law wrongful constructive discharge regarding these allegations, and the Court addresses only Plaintiffs' common law wrongful discharge claims regarding sex discrimination and retaliation.

interpreted by a long line of cases in this district, requires a finding that Plaintiffs' claims for common law wrongful discharge are precluded. Defendant contends that the test for whether a claim for common law wrongful discharge is precluded under Oregon law is disjunctive: it requires a showing that either (1) an existing remedy adequately protects the public interest in question, or (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy. *See Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1145 (D. Or. 2013); *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130-31 (D. Or. 1998). Plaintiff contends that the appropriate test, as articulated by the Oregon Court of Appeals, is conjunctive: the Defendant must demonstrate both that the provided remedy is adequate and that the legislature intended the statute to abrogate preexisting common law remedies. *See Kemp v. Masterbrand Cabinets, Inc.*, 257 Or. App. 530, 537-38 (2013); *Olsen v. Deschutes County*, 204 Or. App. 7, 14 (2006). *See also Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1106 (D. Or. 2012) (discussing cases applying the disjunctive and conjunctive tests).

Plaintiffs concede in their Response to Defendant's Motion to Dismiss (Dkt. 9) that ORS § 659A.885(3) provides the full range of legal and equitable remedies available under the common law for claims of sex discrimination. Pl.'s Opp'n at 3-4. Accordingly, the only relevant question for the Court is whether Oregon law requires the conjunctive test articulated by the Oregon Court of Appeals or the disjunctive test articulated by federal courts in this district.

In *Draper*, Judge Stewart provided an exhaustive analysis of the development of the tort of wrongful discharge in Oregon, as well as the relevant case law concerning when a statutory remedy precludes such a claim. 995 F. Supp. at 1127-31. In finding that Oregon law requires a disjunctive test for determining when a statutory remedy precludes a claim for common law wrongful discharge, Judge Stewart explained:

PAGE 4 – OPINION AND ORDER

> In attempting to navigate a course through the confusing landscape of Oregon appellate cases on wrongful discharge, this court observes that the underlying purpose of that tort in this state is not to vindicate the individual interests of the employee by assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests.
>
> Given the stated purpose of this tort in Oregon, and given that it was created to establish only a narrow exception to the employment-at-will doctrine, this court concludes that a claim for common law wrongful discharge is not available in Oregon if (1) an existing remedy adequately protects the public interest in question, or (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy (regardless of whether the courts perceive that remedy to be adequate). This court will follow that view until the Oregon Supreme Court clarifies the governing standards.

*Id.* at 1130-31.

The Court agrees with Judge Stewart's thorough and well-reasoned analysis in *Draper*: if an adequate statutory remedy exists, a common law wrongful discharge claim based on the same conduct is precluded. *See Cantley v. DSMF, Inc.*, 422 F. Supp. 2d 1214, 1222 (D. Or. 2006) ("Until the Oregon Supreme Court clarifies the governing standards, this court will continue to follow its analysis in *Draper*."). Moreover, since *Draper*, almost every federal judge in this district has confronted this issue and many of the resulting decisions have been accompanied by thorough analysis of this question. On this point there is almost uniform agreement among the other judges in this district with Judge Stewart's reasoning in *Draper*. *See, e.g., Arnold*, 970 F. Supp. 2d at 1145-46 (D. Or. 2013); *Neighorn*, 870 F. Supp. 2d at 1106-08 (D. Or. 2012); *Shaw v. R.U. One Corp.*, 822 F. Supp. 2d 1094, 1097-99 (D. Or. 2011); *Duran v. Window Prods., Inc.*, 2011 WL 1261190, *1-4 (D. Or. Mar. 29, 2011); *Ventura v. Johnson Controls, Inc.*, 2010 WL 3767882, *11-12 (D. Or. Sept. 16, 2010); *Reid v. Evergreen Aviation Ground Logistics Enters., Inc.*, 2009 WL 136019, *15-20 (D. Or. Jan. 20, 2009); *Battan v. Allwest Underground, Inc.*, 2008

PAGE 5 – OPINION AND ORDER

WL 4191467, *3-6 (Sept. 5, 2008); *James v. Evergreen Int'l Airlines, Inc.*, 2008 WL 2564804, *5-7 (D. Or. June 23, 2008); *Delima v. Home Depot U.S.A., Inc.*, 2008 WL1882842, *29 (D. Or. April 23, 2008); *Cameron v. T–Mobile USA, Inc.*, 2008 WL 918480, *4-5 (D. Or. March 31, 2008); *Walters v. Roll'N Oilfield Indus., Inc.*, *4 (Feb. 15, 2008); *Bernsten v. Dollar Tree Stores, Inc.*, 2007 WL 756744, *9 (D. Or. March 6, 2007); *Bates v. Lucht's Concrete Pumping, Inc.*, 2007 WL 656428, *1 (D. Or. Feb. 26, 2007); *Navarette v. Nike, Inc.*, *1 (D. Or. Jan. 26, 2007); *Wilson v. Southern Oregon Univ.*, 2006 WL 2668468,* 3 (D. Or. Sept. 15, 2006). *But see Willis v. Comcast of Oregon II, Inc.*, 2007 WL 3170987, *1-2 (D. Or. Oct. 25, 2007) (implicitly following *Olsen's* test that a common law wrongful discharge claim is not precluded unless there is both an adequate statutory remedy and legislative intent to abrogate a common law cause of action for wrongful discharge based on the same conduct).

Opposing this conclusion, Plaintiffs argue that because this Court has jurisdiction on the basis of diversity of citizenship, it must apply state substantive law as articulated by the Oregon Court of Appeals in its recent decision in *Kemp*. 257 Or. App. at 537-541 (applying the conjunctive test). A federal court sitting in diversity, however, is not bound by the decisions of a state intermediate appellate court if it determines that the state's highest court would reach a different conclusion. *McCubbrey v. Veninga*, 39 F3d 1054, 1055 (9th Cir. 1994). Following Judge Stewart's analysis in *Draper* and the many cases in this district following it, the Court is not convinced that the Oregon Court of Appeals decision in *Kemp* portends the Oregon Supreme Court's direction on this issue. *See Duran*, 2011 WL 1261190, at *3 (declining to adopt the Oregon Court of Appeals' conjunctive test until the Oregon Supreme Court has clarified the issue); *Reid*, 2009 WL 136019, at *19-20 (same); *Hull v. Ivey Imaging LLC*, 2008 WL 5071100, *2-3 (D. Or. Nov. 21, 2008) (holding that the court continues to apply the disjunctive test

PAGE 6 – OPINION AND ORDER

pending the Oregon Supreme Court speaking more conclusively on the matter); *Adams v. Home Depot USA, Inc.*, 2007 WL 4565163, *29 (D. Or. Dec. 19, 2007) (holding that in light of prior analysis and the lack of contrary persuasive reasons, "this court continues to require *either* a show of adequate statutory remedies *or* a specific legislative intent to abrogate the common law, but not both") (emphasis in original); *Henry v. Portland Dev. Comm'n*, 2006 WL 4008709, *6 (D. Or. Oct. 18, 2006) (holding that a "federal court is not bound by the decisions of a state intermediate appellate court if it determines that the state's highest court would reach a different conclusion. Here, the Oregon Supreme Court . . . has not conclusively spoken on this issue"). Accordingly, because Plaintiffs have an adequate statutory remedy under ORS § 659A.885, Plaintiffs' claims for common law wrongful constructive discharge must be dismissed.

### B. Attorney Fees

Defendants seek attorney fees under ORS § 20.105, which states in relevant part:

> the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal.

ORS § 20.105(1). This section, however, does not provide a right to attorney fees for all prevailing parties as a matter of course. Instead, "attorney's fees may be awarded only as a sanction against the non-prevailing parties in meritless actions filed for an improper purpose." *Gerke v. Travelers Cas. Ins. Co. of Am.*, 2013 WL 6241983, *6 (D. Or. Dec. 3, 2013). Given the often conflicting case law between the federal and state courts in this district on whether a statutory remedy precludes a claim for common law wrongful discharge, the Court finds that Plaintiffs' did not lack an objectively reasonable basis for asserting their claims. *See Farrington v. Pepsi-Cola Bottling Co. of Bend*, 2004 WL 817356, *2 (D. Or. Feb. 25, 2004) ("The question

PAGE 7 – OPINION AND ORDER

of whether a terminated (or constructively discharged) employee can bring a common law wrongful termination claim is, frankly, a gnarly one. Oregon courts have been grappling with it for almost thirty years."). Accordingly, Defendant's request for attorney fees is denied.

## CONCLUSION

Defendant's Amended Motion to Dismiss (Dkt. 8) is GRANTED IN PART AND DENIED IN PART. Defendant's motion is GRANTED as to Plaintiff Wall's claim for common law wrongful discharge and as to Plantiff Pickett's claim for common law wrongful constructive discharge based on allegations of sex discrimination and retaliation. Defendant's motion is DENIED as to Plaintiff Pickett's claim for common law wrongful discharge based on allegations that she was retaliated against for taking protected medical leave. Defendant's request for attorney fees is DENIED.

**IT IS SO ORDERED**.

DATED this 26th day of January, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge